1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD CALE,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE UNITED STATES POSTAL<br>SERVICE, *et al.*,<br><br>                    Defendants. | CASE NO. C16-1922-JCC<br><br>ORDER ON DEFENDANTS'<br>MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 5). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.      BACKGROUND**

On November 15, 2016, Plaintiff Edward Cale filed a notice of small claims in King County District Court against Defendants the United States Postal Service ("USPS") and several of its employees. (Dkt. No. 1-2 at 2.) Cale sought damages for "wages, medical/counseling bills, pain and suffering, extreme stress, psychological and emotional abuse, and physical assault." (*Id.*) On December 16, 2016, Defendants removed the lawsuit to this Court. (Dkt. No. 1.) On January 5, 2017, this Court issued an order of substitution placing the United States as the proper Defendant instead of the individual USPS employees. (Dkt. No. 7.) The United States now moves to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Dkt. No. 5.)

ORDER ON DEFENDANTS' MOTION TO
DISMISS
PAGE - 1

1    ## II.     DISCUSSION

2    ### A.     Subject Matter Jurisdiction

3    A complaint must be dismissed if the court lacks subject matter jurisdiction. Fed. R. Civ.

4    P. 12(b)(1). Jurisdiction is a threshold separation of powers issue and may not be deferred until

5    trial. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). A motion to dismiss for

6    lack of jurisdiction may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

7    2000). In facially attacking a complaint for lack of subject matter jurisdiction, the defendant

8    asserts that the allegations are insufficient on their face to confer federal jurisdiction. *Safe Air for*

9    *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In reviewing a facial attack, the court

10   assumes all materials allegations in the complaint are true. *Thornhill Publ'g Co. v. General Tel.*

11   *Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

12   ### B.     FTCA Claims

13   The Federal Tort Claims Act ("FTCA") allows claims to be brought against the United

14   States "for injury or loss of property, or personal injury or death caused by the negligent or

15   wrongful act or omission of any employee of the Government while acting within the scope of

16   his office or employment." 28 U.S.C. § 1346(b)(1). However, "[a]ny claim arising out of assault"

17   may not be brought against the United States. 28 U.S.C. § 2680(h).

18   The United States argues that, because Cale seeks damages for physical assault, his

19   claims must be dismissed. (Dkt. No. 5 at 3-4.) Cale failed to respond to the United States' motion

20   and provided no evidence to contradict it. The Court considers this failure to respond "as an

21   admission that the motion has merit." W.D. Wash. Local Civ. R. 7(b)(2). The Court thus

22   concludes that it lacks jurisdiction over Cale's claims.

23   "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review,

24   that the complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents*

25   *of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Under these facts, no

26   amendment could confer subject matter jurisdiction on the Court. It would not be appropriate to

1   grant Cale leave to amend his complaint.

2   **III.    CONCLUSION**

3           For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 5) is GRANTED.

4   Cale's complaint is DISMISSED with prejudice. The Clerk is DIRECTED to close this case.

5           DATED this 27th day of January 2017.

6

7

8

9

10

11                                                          John C. Coughenour
                                                            UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ON DEFENDANTS' MOTION TO
DISMISS
PAGE - 3